## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

|  |  |
|---|---|
| In re: ) | CHAPTER 7 |
| ) |  |
| ROCCO ALFONZETTI ) | CASE NO. 19-31406 (AMN) |
| DONNA ALFONZETTI ) |  |
| Debtors ) |  |
| ) | OCTOBER 27, 2020 |

### APPLICATION TO EMPLOY SPECIAL COUNSEL TO THE TRUSTEE

1. The Application of Kara S. Rescia, Chapter 7 Trustee of the Bankruptcy Estate of Rocco Alfonzetti and Donna Alfonzetti (the "Debtors") respectfully represents:

2. On August 26, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. On that date, Kara S. Rescia was duly appointed the Chapter 7 Trustee and is currently serving in that capacity.

4. As a result of information received by the Trustee since her appointment, including the schedules and testimony of the Debtors and various documents provided to the Trustee by the Debtors through counsel, the Trustee seeks to retain Rescia Law, P.C., of 5104A Bigelow Commons, Enfield, Connecticut, as special counsel pursuant to 11 U.S.C. § 327(d) to represent the Trustee in all matters described herein and to liquidate an asset of this estate and otherwise collect funds from individual(s) and/or entity transferees of the Debtor pursuant to, but not limited to, 11 U.S.C. §§ 363, 541, 542, 543, 544, and 550 of the Bankruptcy Code and to provide legal services to the Trustee and to effectuate the lawful rights and remedies available to the Trustee under the provisions of Title 11, and to fully and

1

properly discharge her fiduciary duties as set forth below. Venue is proper in this jurisdiction pursuant to the provisions of 28 U.S.C. § 1409(a).

5. On the Petition Date, the Debtor Husband believed that he held a one-third interest in Bettina Realty, LLC, a Florida limited liability company (the "LLC") (the "Membership Interest"), the sole assets of which were real property located at 2515 S. Atlantic Avenue, #709, Daytona Beach, Florida 32118 (the "Daytona Beach Property") and 36 W. Sea Harbor Drive, Ormond Beach, Florida 32176 (the "Ormond Beach Property"). The Debtor Husband's two sisters, Elizabeth Ann Ceppos and Vitaliana Maffucci, each held a one-third interest in the LLC. On his Schedules A/B, the Debtor Husband stated that the value of the LLC at the time of filing was $233,333.00 with no indication of how that valuation was determined. The Debtor Husband provided 2019 Volusia County Tax Bills showing the assessed value of the Daytona Beach Property is $395,764.00 and the assessed value of the Ormond Beach Property is $249,022.00. The Debtor Husband did not claim any exemption on his Schedule C. There are no encumbrances on the LLC, Daytona Beach Property, or Ormond Beach Property. Therefore, it appears that the gross value of the assets of the LLC are at least $644,786.00.

6. Both the Debtor Rocco Alfonzetti at the 341 meeting and debtors' counsel since that time have represented that the Debtor Husband's two siblings which hold the remaining 66.66% membership interest, would be funding the Debtor Husband's compromise with the bankruptcy estate to pay all claims and cost of administration in full. Accordingly the Trustee requested the Court set a bar date for claims which expired on January 6, 2020.

7. After full review of claims the Trustee determined it was necessary for the estate to employ Verdolino & Lowey, P.C. as accountants for the estate to assist in calculating the tax liability and file estate tax returns. After said application was approved on March 5, 2020, the

accountants prepared and provided the tax analysis to the Trustee. After review of withdrawn claims the Trustee determined the amount necessary to pay the estate in full and Debtor Husband through counsel indicated that the siblings of the Debtor Husband would provide debtor with the funds for said proposed compromise to pay said amount in full.

8. However no such compromise was ever consummated. Accordingly the Trustee subsequently sent demand letters to Ms. Ceppos and Ms. Maffucci for certain documents related to the LLC and again offered to negotiate a buyout of the Membership Interest, but has not received any offers to date.

9. The Trustee also sent a demand letter to the accountant for the LLC, for turnover of the corporate tax return for the LLC, which was provided to the Trustee and shows rental income for both the Daytona Beach Property and the Ormond Beach Property.

10. The Trustee's investigation into the LLC revealed that the LLC was administratively dissolved by the Secretary of State on September 27, 2019.

11. Therefore, as there has been no offer to date, the Trustee is entitled to recover the value of the Membership Interest for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 541 and intends to sell the Debtor Husband's Membership Interest in the LLC pursuant to her rights of recovery under 11 U.S.C. § 363.

12. The Trustee believes counsel would be instrumental in enforcing the estate's rights with regard to legal services, including legal research, for legal issues regarding the legal claims, and including assisting the Trustee in performing the tasks set forth herein, specifically those tasks associated with the sale of the Membership Interest pursuant to the LLC's operating agreement, which includes a right of first refusal of the other members of the LLC.

13. The Trustee believes that without the timely appointment of counsel, no proceeds would be brought into the estate for the benefit of unsecured creditors. In order to avoid duplication of effort and to maximize the recovery for the benefit of the estate and the unsecured creditors, the Trustee believes it will be in the best interests of the estate to employ counsel to the Trustee.

14. Additionally, the appointment of Rescia Law, P.C. is in the best interest of the Estate because Attorney Kara S. Rescia is already familiar with the issues involved and is prepared to proceed accordingly. Attorney Rescia has over 27 years of experience in litigation and bankruptcy matters. This experience makes Rescia Law, P.C. well suited to handle the requested representation. Rescia Law, P.C. is also supported by an associate, Attorney Paige M. Vaillancourt, who is admitted to practice before this court.

15. It is requested that the attorney fees in this matter be on an hourly basis, not to exceed one third of the recovery for this estate, plus reimbursement of expenses. The 2020 standard hourly rate for Attorney Kara S. Rescia is $420.00 and for Attorney Paige M. Vaillancourt is $225.00. The hourly paralegal rate is $120.00. Rescia Law, P.C. will also be reimbursed for its reasonable out-of-pocket expenses. All fees and expenses shall be subject to the approval of the United States Bankruptcy Court. If no funds are recovered in this estate then Rescia Law, P.C. will not be entitled to a fee.

16. Rescia Law, P.C. is a "disinterested person" within the meaning of 11 U.S.C. § 101 (14) in that it has no connection with the Debtor, the estate, the Creditors or the Office of the United States Trustee.

17. Rescia Law, P.C. maintains liability insurance through Continental Casualty Company, in the amount of $1,000,000.00/$2,000,000.00.

18. The proposed compensation of Rescia Law, P.C. is subject to further orders of this Court after notice and a hearing upon proper application pursuant to Sections 330 and 331.

**WHEREFORE**, Kara S. Rescia, Chapter 7 Trustee respectfully requests that Rescia Law, P.C. be authorized to act as counsel to the estate pursuant to 11 U.S.C. § 327(d) effective October 27, 2020 with compensation for such legal services to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow, and for such other relief as this Court deems just.

KARA S. RESCIA, TRUSTEE

By  */s/ Kara S. Rescia*
    Kara S. Rescia, Trustee
    5104A Bigelow Commons
    Enfield, CT 06082
    Tel: (860) 452-0052
    Federal Bar No.: ct18001
    Dated: October 27, 2020

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | |
|---|---|
| In re: ) | CHAPTER 7 |
| ) | |
| ROCCO ALFONZETTI ) | CASE NO. 19-31406 (AMN) |
| DONNA ALFONZETTI ) | |
| Debtors ) | |
| ) | OCTOBER 27, 2020 |

### **DECLARATION**

I, **KARA S. RESCIA**, declare:

1. I am an attorney duly admitted to practice before all courts of the State of Connecticut, as well as this Court.

2. I am the Trustee in this case and I am a member of Rescia Law, P.C., the law firm that the Trustee is seeking to employ for a special purpose by the Application to which this Declaration is attached. Attorney Paige M. Vaillancourt, an associate of the firm, is duly admitted to practice before this Court.

3. Rescia Law, P.C. is presently covered for errors and omissions under a policy of insurance through Continental Casualty Company, to the extent of $1,000,000.00 per claim, $2,000,000.00 in the aggregate. The policy is in force and the firm will continue such coverage or similar coverage throughout the term of the engagement contemplated by the Trustee's application. A copy of the cover page of the insurance policy has been provided to the Trustee.

4. I have extensive experience in litigation matters and am well qualified to represent the Trustee.

5. Neither I, the law firm of Rescia Law, P.C., nor any of its members and associates, hold any interest adverse to the above-entitled estate and both I and said law firm is a disinterested person as defined in 11 U.S.C. Section 101.

6. Neither I, the law firm nor any of its members has a prepetition or other claim against the

6

estate.

7. I acknowledge that the bankruptcy estate will be my exclusive client with regard to the Action as defined in the Application to Employ to which this Declaration is attached.

8. I acknowledge that the Action cannot be settled without consultation with the Trustee and only with the prior approval of the United States Bankruptcy Court.

9. I agree to turn over the gross amount of the funds recovered through settlement or litigation of the Action to the Trustee.

10. I acknowledge that the United States Bankruptcy Court must approve my firm's fee application and request for reimbursement of costs before my fees and costs can be paid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2020.

_____
Kara S. Rescia

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: | ) CHAPTER 7 |
| | ) |
| ROCCO ALFONZETTI | ) CASE NO. 19-31406 (AMN) |
| DONNA ALFONZETTI | ) |
| Debtors | ) |

### PROPOSED ORDER AUTHORIZING APPOINTMENT
### OF SPECIAL COUNSEL FOR THE TRUSTEE

Upon the Application of Kara S. Rescia, Trustee in the above-captioned case ("Trustee") seeking the Court's approval of the retention of the firm of Rescia Law, P.C. to act as Counsel to the Trustee, pursuant to 11 U.S.C. § 327(a) and (d) (herein "Application"), having come before this Court and it appearing that said employment is in the best interest of the Debtor and the Estate and that Rescia Law, P.C. does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed and does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; it is hereby

**ORDERED** that the Trustee is authorized to employ Rescia Law, P.C. as counsel, effective October 27, 2020, to pursue liquidation of assets and recovery of funds pursuant to, but not limited to, 11 U.S.C. §§ 363, 541, 542, 543, 544, and 550 of the Bankruptcy Code regarding, but not limited to, claims for turnover of property of the bankruptcy estate as set forth in the Application;

**ORDERED** that Rescia Law PC shall be compensated on an hourly basis not to exceed one third of the recovery for this estate plus reimbursement of expenses contingent upon a recovery in this estate; and it is further

**ORDERED** that the allowance of compensation to Rescia Law, P.C. for services as attorney for the Trustee shall be limited to the extent of services performed as attorney for the estate and not for performance of any trustee duties generally performed by a Chapter 7 Trustee; and it is further

**ORDERED** that the allowance and payment or reasonable compensation and

reimbursement for actual, necessary expenses shall be the subject of further orders of the Court pursuant to 11 U.S.C. §§ 330(a) and 331 after notice and hearing upon proper application; and it is further

**ORDERED**, that ten business days prior to any increases in Rescia Law, P.C.'s rates for any individual employed by Rescia Law, P.C. and retained by the Trustee pursuant to court order, Rescia Law, P.C. shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F). Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. § 330. Supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee.